## MIDDLETON *v.* MULLICA TOWNSHIP.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

Argued October 17, 1884.—Decided December 8, 1884.

An act of the legislature of New Jersey construed,—to the effect that it authorized certain township officers to execute bonds for the township to raise money for bounties to volunteers.

The facts are stated in the opinion of the court.

*Mr. F. C. Brewster* and *Mr. F. C. Brewster, Jr.,* for plaintiff in error.

*Mr. P. L. Voorhees* for defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court. This is an action of debt brought in the court below to re-

cover the amount of six bonds (or alleged bonds) of the township of Mullica, in the county of Atlantic and State of New Jersey, one being for $500 and the others for $1,000 each. The declaration also contains the common money counts. A copy of the instruments sued on was annexed to the declaration, all being in the following form:

"United States of America, State of New Jersey.

"[Bond No. 146.]          Amount, $1,000.

"The township of Mullica, county of Atlantic, acknowledge themselves indebted to Samuel Crowley in the sum of one thousand dollars, lawful money of the United States; which sum they promise to pay to the said Samuel Crowley, or to his order, two years after date hereof, with interest at the rate of six per centum per annum, payable annually, the aforesaid sum of one thousand dollars having been borrowed of said Samuel Crowley, by order of said township committee, pursuant to a resolution passed January 1, 1864; interest payable at the State Bank at Camden.

"In witness whereof, the said township committee have caused this bond to be sealed with their seal, and attested by the signatures of their president and clerk, this 31st day of December, A. D. one thousand eight hundred and sixty-four.

"[L. S.]          EDW'D T. McKEAN, *Clerk.*

TIMOTHY HENDERSON, *President.*"

[U. S. Revenue Stamp, 50 cents.]

By one series of counts (six in number) these instruments were severally declared on as the writings obligatory of the township, sealed with its seal, and made payable and delivered to Crowley, as agent of the township, to assist it in passing away and transferring the bonds to raise money thereon for its use and benefit. In another series of counts (also six in number) the instruments are severally declared on as orders of the township, made by its authorized agents, Henderson, president, and McKean, clerk, of the township committee, and made payable to Crowley as the agent of the township to pass them away and raise money on them for the township. All the

counts averred that Crowley indorsed and delivered the bonds or orders to the plaintiff. The defendant pleaded *non est factum* to the first six counts (those in which the instruments were declared on as bonds), and *nil debet* to the others, and the statute of limitations (of six years) to all of them.

At the trial, the plaintiff proved the execution of the bonds by Henderson, president, and McKean, clerk, of the township committee, and the indorsement of them by Crowley to the plaintiff; and also put in evidence a book, called the defendant's bond book, produced by the defendant on the call of the plaintiff, and having the following heading: "Issue of bonds by the township of Mullica in pursuance of a resolution adopted January 1, 1864." At page 7 plaintiff read the following list of bonds:

| Date of Bond. | Number. | Amount. | To whom issued. | When due. |
| --- | --- | --- | --- | --- |
| Dec. 31, 1864. | 145 | $500 | Samuel Crowley. | Dec. 31, 1866. |
| " | 146 | 1,000 | " | " |
| " | 147 | 1,000 | " | " |
| " | 148 | 1,000 | " | " |
| " | 149 | 1,000 | " | " |
| " | 150 | 1,000 | " | " |

To show that the bonds were executed by lawful authority, the plaintiff read two acts of the legislature of New Jersey. The first (approved March 4, 1864) was entitled "An Act to legalize certain acts of the township of Mullica, in the county of Atlantic, relative to raising money to pay bounty to volunteers and to provide for the payment of the same," and recited and enacted as follows:

"WHEREAS the inhabitants of the township of Mullica, in the county of Atlantic, did, on the first day of January, Anno Domini eighteen hundred and sixty-four, vote to pay a bounty of two hundred and twenty-five dollars to each person volunteering to fill the quota of said township under the calls of the President of the United States (the said quota being thirty-four); and whereas the said inhabitants having no authority, under the laws of the State, to offer said bounty or borrow money for the payment of the same; therefore,

" 1. *Be it enacted by the Senate and General Assembly of the State of New Jersey*, That the said township of Mullica be authorized to provide for the payment of said bounties the sum of seven thousand six hundred and fifty dollars, and the interest thereon, by the issuing of their bonds, or township orders, bearing interest at the rate of six per centum per annum, and payable at such times as the township committee of said township may determine; *Provided*, that not less than fifteen hundred nor more than twenty-five hundred dollars shall be raised for the purpose of paying said bonds or orders in any one year, including the interest thereon.

" 3. *And be it enacted*, That the acts and doings of the township committee and of the inhabitants of the said township of Mullica, mentioned in the first section of this act, to raise seven thousand six hundred and fifty dollars, and the interest thereon, to pay bounties to volunteers as aforesaid, to fill the quota of the said township, are valid in all respects and binding upon the inhabitants and taxable property of said township."

The other act is not material to the case and need not be recited.

Upon the evidence thus presented the court below ruled out the bonds and directed a verdict for the defendant, and the plaintiff excepted. The question raised by the bill of exceptions is, whether this direction was erroneous; and this involves the question whether the officers who executed the bonds had any authority to do so.

An examination of the organic laws of the State of New Jersey shows that the inhabitants of the several townships in the different counties are corporate bodies, being authorized, at their annual or special town meetings, " to vote, grant, and raise such sum or sums of money for the maintenance and support of the poor; the building and repairing of pounds; the opening, making, working, &c., of roads; the destruction of noxious wild animals and birds; for running and ascertaining the lines, and prosecuting or defending the common rights of such township, and for other necessary charges and legal objects and purposes thereof as are or shall be by law ex-

pressly vested in the inhabitants of the several townships of this State by this or some other act of the legislature."

They are also authorized, at their annual meetings, to elect a clerk, assessors, collectors, commissioners of appeal in matter of taxes, chosen freeholders to represent the township in the county board, surveyors of highways, overseers of the poor, constables, and a judge of election ; and in addition to these officers, all having their appropriate duties to perform, they are also, by special provision, authorized " to elect five judicious freeholders, resident within the township, who shall be denominated the *township committee*, a majority of whom shall be a quorum, and shall continue in office one year and until others are chosen in their stead, which committee shall have authority, and it is hereby rendered their duty, to examine, inspect, and report to the annual or other town meetings the accounts and vouchers of the township officers, and to superintend the expenditure of any moneys raised by tax for the use of the township, or which may arise from the balance of the accounts of any of the township officers." Besides the duties here specified the township committee is invested with certain other powers, such as, in certain cases, to fill vacancies in the other township offices caused by death, removal, refusal to serve, &c., and to call special town meetings when they may deem it necessary ; but they have no general authority to act for the township. This must be conceded ; and it is clearly shown by the cases cited by the counsel for the defendant.

At the same time, it must be admitted that, in view of the peculiar functions and duties of the township committee, they are altogether the most appropriate officers of the township for the performance of such a duty as the issuing of township bonds, whenever such bonds are authorized to be issued, since the township itself has no permanent presiding officer, or head, but only a temporary chairman, called a moderator, who simply presides over the town meeting by which he is appointed. The question then arises, did the act of March 4, 1864, give the township committee authority to issue the bonds in question ? If the act is carefully examined it will be seen that it not only ratified the proceedings of the town meeting held on the 1st of

January, 1864, voting a bounty of $250 to each person volunteering to fill the quota of the township, but that it authorized the township to provide for the payment of said bounties by issuing its bonds at six per cent. interest payable at such times as the township committee might determine. It ratified what had been resolved by the town meeting, and authorized the issue of township bonds to carry that resolution into effect. The question then arises, who were the proper persons to issue the bonds? The town meeting itself certainly could not do it. Is it not the plain inference of the statute that the bonds should be issued under the direction and supervision of the township committee, as they were to fix the time of payment, and were the only body which had the general superintendence of the township finances?

And here it is proper to notice that the proceedings of the town meeting on the 1st of January, 1864, were not given in evidence. Of course, the defendants had them in their possession, and could have produced them. We only know so much of said proceedings as is recited in the act of the legislature. It is possible that the town meeting, besides voting the bounties referred to in the act, directed the township committee (as would be natural) to issue the obligations of the township for the purpose of raising the money requisite to pay such bounties. On this point, the bond-book of the township may be entitled to much weight. It professes to exhibit the "Issue of bonds by the township of Mullica *in pursuance of a resolution adopted January* 1, 1864;" and it enumerates in that category the bonds in question in this suit. That is to say, the township book declares and shows that the bonds in suit were issued in pursuance of a resolution adopted January 1, 1864; and this declaration stood there on the book from 1864, when the bonds were issued, until the trial of the suit in 1871. The resolution thus referred to must, of course, have been part and parcel of the proceedings relating to bounties to be paid to volunteers, which were ratified by the act of March 4, 1864.

Taking all these things together, we are satisfied that, by the said act, which ratified the said proceedings, expressly including (as it does) "the acts and doings of the township committee,"

as well as of the inhabitants of the township, and authorizing the issue of bonds to carry out their intentions with such time of payment as the township committee should determine, it was the intention of the legislature to authorize the execution and issue of such bonds by the township committee.

There can be little doubt that this conclusion is in accordance with the justice of the case. Money was raised on these bonds. The plaintiff testified that he purchased them for value of Crowley (the payee), and received them from Crowley, or Henderson, or McKean, he could not recollect which. Evidently the township officers were concerned in the transaction. At all events, the plaintiff purchased them and paid for them; and they were duly entered in the township bond-book as bonds of the township, and there can be little doubt that the township reaped the benefit of the transaction. We have no doubt that they are the valid obligations of the township, and that the court below erred in ruling them out, and in directing a verdict for the defendant. They ought at least, to have been given to the jury under the evidence in the case.

*The judgment of the Circuit Court is reversed, and the case is remanded with direction to award a venire facias de novo.*